

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2005

# Widener v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4192

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Widener v. Smith" (2005). *2005 Decisions.* Paper 152.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/152

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HPS-6                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4192
_____

FREDDIE D. WIDENER,
                                            Appellant
v.

WARDEN JOSEPH SMITH

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-01607)
District Judge: Honorable James F. McClure, Jr.

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 4, 2005

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Filed December 6, 2005)
_____

OPINION

PER CURIAM.

        Freddie Widener, a federal prisoner, appeals pro se the order of the United

States District Court for the Middle District of Pennsylvania dismissing his habeas

petition filed pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we will

summarily affirm the judgment of the District Court.

Widener was convicted in 1990 in the United States District Court for the District of Maryland of conspiracy, robbery by use of force, and robbery by use of a firearm. United States v. Widener, 956 F.2d 1163 (4th Cir. 1992) (per curiam). Widener was sentenced to 262 months imprisonment. The United States Court of Appeals for the Fourth Circuit affirmed Widener's conviction and sentence on direct appeal, id., and the United States Supreme Court denied Widener's petition for writ of certiorari. Widener then filed a motion pursuant to 28 U.S.C. § 2255 in the District Court for the District of Maryland which was dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1). The Court of Appeals for the Fourth Circuit declined to issue Widener a certificate of appealability. United States v. Widener, 173 F.3d 853 (4th Cir. 1999) (per curiam).

Widener, who is incarcerated at USP-Lewisburg in Lewisburg, Pennsylvania, submitted the underlying § 2241 petition in the District Court for the Middle District of Pennsylvania in July 2005. In his § 2241 petition, Widener attempts to challenge his conviction and sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000), Ring v. Arizona, 536 U.S. 584 (2002), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005). Widener also alleges in his § 2241 petition a claim of actual innocence. On August 30, 2005, the District Court dismissed Widener's § 2241 petition, concluding that Widener had not shown that § 2255 is inadequate or ineffective such that he should be allowed to proceed under § 2241. This timely appeal followed.

2

A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974). A federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or the petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion. Okereke v. United States, 307 F.3d 117, 120-21; see also Cradle, 290 F.3d at 539. Rather, § 2255 is inadequate or ineffective, for example, in the "rare situation" where an intervening change in law makes the crime for which the petitioner was convicted "non-criminal." Okereke, 307 F.3d at 120.

We agree with the District Court that Widener's situation is not the rare one rendering § 2255 inadequate or ineffective. Specifically, we have held that § 2255 is not inadequate or ineffective for a federal prisoner seeking to raise an Apprendi claim in a § 2241 proceeding. Okereke v. United States, 307 F.3d 117, 120-21. Like Apprendi, the Supreme Court's holdings in Ring, Blakely, and Booker did not change the substantive

3

law as to the elements of the offenses for which Widener was convicted. Although Widener may face substantive and procedural hurdles to presenting these claims in a § 2255 motion, that alone does not render a § 2255 motion an inadequate or ineffective remedy.

Finally, Widener's assertion of actual innocence does not alter our conclusion that the District Court properly dismissed his § 2241 petition. Widener's argument is one of legal innocence, not factual innocence, based on the erroneous premise that Apprendi, Ring, Blakely, and Booker apply retroactively to cases on collateral review. See Schriro v. Summerlin, 542 U.S. 348 (2004) (holding that Ring does not apply retroactively to cases on collateral review); Lloyd v. United States, 407 F.3d 608, 613-15 (3d Cir. 2005) (holding that Booker, which applied the Blakely rule to the federal sentencing guidelines, is not retroactively applicable to cases on collateral review); United States v. Swinton, 333 F.3d 481, 491 (3d Cir. 2003) (holding that Apprendi is not retroactively applicable to cases on collateral review). In short, Widener's actual innocence argument is unavailing in this proceeding.

Because this appeal presents "no substantial question," 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's August 30, 2005, order.

4